

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 17, 1958

Dr. James A. Turman
Executive Director
Texas Youth Council
Austin, Texas

Opinion No. WW-374

Re: Can the Texas Youth Council
with the prior approval of
the Governor transfer into
one account certain appropri-
ations made to the Gatesville
State School for Boys in
House Bill 133, Acts 55th
Legislature, Regular Session,
Chapter 385, page 914, and
related question.

Dear Dr. Turman:

Your request for an opinion concerns the authority of the
Texas Youth Council, with the prior approval of the Governor,
after obtaining the advice of the Legislative Budget Board, to
consolidate certain appropriation items made to the Gatesville
State School for Boys into one account. Disbursements would then
be made from the single account for the accomplishment of certain
authorized improvements, as described in each of the affected items.

The two specific questions presented for our determination
are as follows:

"1. In order that the low bid received may
be accepted and the new unit for younger boys con-
structed in the most economical and least confusing
manner, can the Governor, with the advice of the
Legislative Budget Board, approve the transfer into
one account, the appropriations shown in Line Items
8, 9, 10, 11 and 12, Section 1, Article II, H. B. 133,
Acts of the 55th Legislature?

"2. If the answer to the above question is
in the affirmative, can the Comptroller approve claims
and issue warrants covering the cost of constructing,
equipping, paying architect's fees and furnishing said
unit for younger boys from the consolidated account

made up of funds appropriated in Line
Items 8, 9, 10, 11 and 12, Section 1, Article
II, H. B. 133, Acts of the 55th Legislature?"

The answer to the questions submitted hinges upon the construction of items 8, 9, 10, 11 and 12 of the appropriation made to the Gatesville State School for Boys by House Bill 133, Acts 55th Legislature, Regular Session, Chapter 385, page 914, same being the current Biennial Appropriation Act. The items provide as follows:

"Out of General Revenue Fund:

|  |  | For the Years Ending | |
|---|---|---|---|
|  |  | August 31, 1958 | August 31, 1959 |
| " 8. | For constructing, equipping, paying architect's fees and furnishing 4 dormitories, approximately 40 beds each, and a superintendent's home | $192,500 | Unexpended Balance |
| "9. | For constructing, equipping, paying architect's fees and furnishing one school building, consisting of 6 classrooms, 1 woodshop and 4 offices. . . | 54,000 | Unexpended Balance |
| "10. | For constructing, equipping, paying architect's fees and furnishing one kitchen and dining room to serve additional dormitories. . . . . . . . | 38,500 | Unexpended Balance |
| "11. | For constructing exterior walks and paving to serve new facilities . . . . . . . | 7,000 | Unexpended Balance |
| "12. | For repair of or addition to existing sewage treatment plant, and repair or replacement of water lines | | |

Unexpended

as necessary . . . . . . . . . . . 26,000   Balance

"The State Youth Council is authorized
to transfer funds between the above
listed projects with the prior approval
of the Governor after obtaining the
advice of the Legislative Budget Board.
Any unexpended balances after construc-
tion may be expended for repairs."
(Emphasis ours).

As you have pointed out in your request, the State Board
of Control has employed an architect, who in turn has prepared a
single set of plans and specifications covering all items of work
provided for in line items 8, 9, 10, 11 and 12 quoted above. The
employment of a single architect to prepare a unified set of plans
and specifications eliminated the necessity of employing an archi-
tect to prepare plans and specifications for the work authorized by
each item, thereby reducing the costs for this phase of the work.
You further state that the Board of Control has advertised and re-
ceived bids for all of the work authorized by items 8, 9, 10, 11 and
12 on a collective or lump sum basis, rather than calling for and
receiving separate bids for the work authorized by each individual
item. In accordance with its determination that such procedure
would be economically feasible, and result in a saving of the funds
affected, the Board of Control, provided same is authorized, will
now award a single contract, which will provide for:

1.  Constructing, equipping, pay-
    ing architect's fees and furnish-
    ing 4 dormitories, approximately
    40 beds each, and a superintendent's
    home;

2.  Constructing, equipping, pay-
    ing architect's fees and furnish-
    ing one school building, consist-
    ing of 6 classrooms, 1 woodshop
    and 4 offices;

3.  Constructing, equipping, paying
    architect's fees and furnishing
    one kitchen and dining room to
    serve additional dormitories;

     4.    Constructing exterior walks
          and paving to serve new
          facilities;

     5.    Repair of or addition to exist-
          ing sewage treatment plant, and
          repair or replacement of water
          lines as necessary.

The foregoing includes all items of construction and improvements authorized by line items 8, 9, 10, 11 and 12. The contract treats the work, authorized by each of the foregoing line items, as a single project rather than five (5) separate and distinct projects, thereby eliminating the necessity for receiving bids on and awarding five separate contracts. Both the Board of Control and the Youth Council have ascertained that award of the contract on a single project basis will enable all of the authorized work to be accomplished in the most economical and expeditious manner possible.

We believe that the effect of the underscored language, which immediately follows line item 12, supra, is to make each of the five line items, with which we are here concerned, interchangeable, provided, of course, that the prior approval of the Governor is obtained. We further believe that the work authorized by line items 8, 9, 10, 11 and 12 may be included in and awarded as a single contract subject to the important qualification that the performance of each and every item of work authorized by each of said line items is provided for in such contract. With the prior approval of the Governor, the sum appropriated by line items 8, 9, 10, 11 and 12 may be consolidated into any one of said line items, and the Comptroller of Public Accounts is authorized to make disbursements therefrom in accordance with the terms of the contract. This conclusion is supported by the holding in Attorney General's Opinion No. WW-329 (1958). The effect of that portion of the Act which provides for the advice of the Legislative Budget Board was covered by Attorney General's Opinions numbered WW-282 (1957) and WW-329, supra, and in the interest of brevity will not be repeated here. The first opinion was addressed to your office.

## SUMMARY

The Texas Youth Council, with
the prior approval of the Governor,
can transfer into one of said items
the appropriations contained in

items 8, 9, 10, 11 and 12 of the Appropriations made to the Gatesville State School for Boys by House Bill 133, Acts, 55th Legislature, Regular Session, Chapter 385, page 914, subject to the conditions set forth above. The Comptroller of Public Accounts is authorized to approve claims and issue warrants on said consolidated account covering the costs of projects authorized by said items.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Leonard Passmore_

Leonard Passmore
Assistant

LP:wam:ps

APPROVED:

OPINION COMMITTEE

J. C. Davis, Chairman

B. H. Timmins, Jr.

Ralph R. Rash

John Reeves

REVIEWED FOR THE ATTORNEY GENERAL

BY: W. V. Geppert